UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL WATTERS,

    Plaintiff,

v.                                                           Case No. 2:07-cv-223
                                                                  CONSENT CASE

TILDEN MINING CO, L.C., et al.,

    Defendants.

_____/

## **OPINION**

        The parties have stipulated to the following facts. Plaintiff Paul Watters began his employment with defendant Tilden Mining Company, L.C., on January 16, 1978. Plaintiff was laid off from employment on August 30, 1981. Plaintiff still received pension credit for two years while he was on lay-off status and received seniority credit for three years, seven months, and thirteen days. If defendants had called plaintiff back to work during this time period, referred to as a "seniority creep" or a "pension creep," plaintiff would have had no break in service for his pension or seniority. On March 11, 1983, plaintiff was still on lay-off status when he requested a military leave of absence. On March 18, 1983, defendants placed plaintiff on military leave of absence. While serving in the Air Force, and while on a military leave of absence, defendants terminated plaintiff's employment on April 13, 1985. That date was three years, seven months, and thirteen days from the date plaintiff was laid-off on August 30, 1981. Plaintiff received his honorable discharge from the Air Force on April 17, 1987. He applied for re-employment with defendant on May 18, 1987. On July 26, 1988, he was rehired by defendants.

As a result of the 1990 Steelworkers' contract, plaintiff's seniority and pension service credit was calculated back to December 12, 1982. The 1993 contract provided plaintiff an additional year, giving plaintiff his current seniority and pension date of December 12, 1981. In 1993, after the adoption of the Steelworkers' contract, defendants conducted a survey inquiring about the military service of all employees. Plaintiff completed the survey. Defendants notified plaintiff that all seniority due to him was restored. Plaintiff did not receive any credit for the time he served in the military. Plaintiff filed a grievance with the Union on December 2, 1993. After mediation, it was agreed that plaintiff would be provided an additional two years of seniority and would receive credit back to December 12, 1980. Defendants refused the agreement, because its fiduciary obligations as plan administrator would not allow pension adjustment for an individual. The arbitration ended with a finding that the grievance was untimely.

The parties have waived a jury trial. The parties have stipulated to some facts and have filed proposed findings of fact and conclusions of law. Defendants have filed a motion for summary judgment. Based upon the pleadings filed, the Court will decide this matter on the merits and render a judgment.

Defendants argue that the complaint was untimely filed and should be dismissed under the doctrine of laches. Defendants assert that the passage of time, combined with prejudice to defendants and the lack of due diligence on plaintiff's behalf, dictates that this matter should be dismissed. Defendants have shown absolutely no prejudice and, because this case involves pension and seniority dates for one of defendants' active employees, the matter is not untimely. Plaintiff did not just sit on his rights but has actively attempted to correct his pension and seniority dates to the date that he believes is correct.

Defendants also ask the Court to dismiss this matter under the doctrine of claim preclusion (*res judicata*).  Under the doctrine of claim preclusion, a final judgment on the merits of an action bars subsequent lawsuits between the same parties on all issues that were raised or could have been raised in that action.  *Allen v. McCurry*, 449 U.S. 92, 94, 101 S.Ct. 411, 414 (1980).  Thus, the bar extends not only to all the claims that were actually litigated, but also to any claim that could have been brought in the original action.  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).  Under Michigan law, *res judicata* or claim preclusion applies where (1) there was a final judgment on the merits in the prior lawsuit; (2) the prior lawsuit was between the same parties or their privies as the present lawsuit; and (3) the issues raised in the second case were resolved in the first case, or, through the exercise of reasonable diligence, might have been decided on the merits.  *Smith, Hinchman and Grylls v. Tassic*, 990 F.2d. 256, 257-58 (6th Cir. 1993). However, there has never been a final judgment on plaintiff's claim that could implicate claim preclusion in this action.

Plaintiff argues that his pension and seniority dates should be calculated back to September 3, 1978, restoring three years and nine days credit to both his seniority and pension dates. Plaintiff maintains that his lay-off status should have froze as soon as he was placed on a military leave of absence.  Plaintiff claims he should not have been terminated while he was in the Air Force. Plaintiff explains that if he was not terminated while in the Air Force, he would have been recalled to work and given the earlier seniority and pension dates.  Defendants request that the Court deny plaintiff any adjustment to his pension and seniority dates and dismiss this cause of action.

The Veteran Re-Employment Rights Act provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment,

> reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

Under 38 U.S.C. § 4312, an individual who is absent from employment while engaged in the military is entitled to re-employment, including all the benefits of employment upon the stated conditions. It is not disputed in the record that plaintiff complied with the conditions of the Act.

Both parties rely upon *Kelly v. Ford Instrument Co.*, 298 F.2d 399 (2nd Cir. 1962). In *Kelly*, the plaintiff entered the military while on lay-off status with defendant. On discharge from the military, the plaintiff was employed with defendant as a new employee. Defendant sent the plaintiff a letter in 1956, while the plaintiff was in the military, informing him that he was eligible for reinstatement as a senior detailer. The plaintiff's mother contacted Ford to advise that her son was in the military and was unavailable until his enlistment expired in May 1958. Plaintiff was discharged from the military in February 1958 and was employed as a designer by defendant in March 1958. The court explained:

> Plaintiff when he entered the service had been laid off by operation of a seniority system under his contract of employment. Under this contract he had a right of recall in seniority order, and continued to accumulate seniority while laid off. These attributes of employment demonstrate that although in a lay off status he continued to hold a 'position (other than temporary) in the employ' of Ford with in the meaning of the Universal Military Training and Service Act.

*Id.* at 404. The court concluded that because the plaintiff was asked to return to work in 1956, while still within the fixed period defined in the contract, he should have been treated as being on a military leave of absence from that time forward. Plaintiff was therefore afforded seniority and benefits under the Act.

One important distinguishing factor in this case is that plaintiff was officially on military leave of absence at the time he entered the military. In *Kelly*, the plaintiff did not inform his employer of his military status and he was never on an official military leave of absence until the court created that status based upon the letter which established the plaintiff's eligibility to apply for reinstatement while he was in the military. Plaintiff in this case should not have been terminated from employment while he was in the military, on a military leave of absence. Plaintiff is correct that, under the Veteran Re-Employment Rights Act, his position with defendants froze while he was in the military. Like *Kelly*, plaintiff's employer provided plaintiff with certain rights while in lay-off status that indicate that plaintiff continued to hold a position with defendants at the time plaintiff was placed on military leave status when he entered the military. When defendants placed plaintiff on military leave of absence, plaintiff continued to hold his position, under the Act, until his discharge from military service.

Plaintiff states that he would have been recalled to work earlier and that other employees with less seniority were recalled before him. Plaintiff attaches the affidavit of Larry Tregear who states that he was on lay-off status in 1981. Larry Tregaer accepted a job as a turbine operator. Plaintiff does not indicate when that job was accepted. It appears that Larry Tregear accepted that job before plaintiff was placed on lay-off status and plaintiff has not established that he had a right to bump Larry Tregear out of that position. Plaintiff has not shown that junior employees were called back to work while plaintiff was on military leave of absence.

Accordingly, because plaintiff was discharged from the military on April 17, 1987, and re-employed with defendant on July 26, 1988, which was before his seniority creep expired after it restarted upon his military service discharge date, plaintiff is entitled to restoration of three years, three months, and nine days credit for seniority. Plaintiff has not satisfied his burden of showing that

he would have been recalled back to work prior to September 17, 1987, which is five months after his military discharge date. Accordingly, plaintiff is entitled to two years, five months, and four days credit toward his pension.

In conclusion, defendants' motion for summary judgment will be denied, plaintiff's motion to strike will be denied, and judgment will be entered providing plaintiff with three years, three months, and nine days additional credit towards his seniority, and two years, five months, and four days additional credit toward his pension.

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 11, 2009